**XIAOMEI XU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76449.**

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 16, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Xiaomei Xu, Rolland Heights, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Thankful T. Vanderstar, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Xiaomei Xu, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. "Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and we deny the petition.

Substantial evidence supports the IJ and BIA's findings that Xu is firmly resettled in Canada, and thus ineligible for asylum, because Xu admitted that she received "landed immigrant" status in Canada approximately eight years before her most recent entry into the United States. *See* 8

** This disposition is not appropriate for publication and is not precedent except as provid-

U.S.C. § 1158(b)(2)(A)(vi); 8 C.F.R. § 1208.15 ("[a]n alien is considered to be firmly resettled if, *prior to arrival in the United States*, he or she entered into another country with, or while in that country received, an offer of permanent resident status") (emphasis added); *see also Maharaj v. Gonzales*, 450 F.3d 961, 976–77 (9th Cir.2006) (en banc).

Because Xu testified that she did "not now" fear returning to China, and that no one in the Chinese government had made any threats against her, and because she traveled back to China six times without incident, substantial evidence also supports the IJ and BIA's findings that Xu is not entitled to withholding of removal. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001).

Substantial evidence also supports the IJ and BIA's denial of Xu's CAT claim because she did not show that it was more likely than not that she would be tortured if returned to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**